UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| SCOT CARLEY, on behalf of himself and all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| V. | § | CIVIL ACTION NO. 7:15-CV-00161-RAJ-DC |
| | § § | |
| CREST PUMPING TECHNOLOGIES, L.L.C. | § § | |
| Defendant. | § | |

**<u>PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTIONS FOR LEAVE TO EXCEED PAGE LIMIT IN REPLY TO PLAINTIFFS' RESPONSES TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND PLAINTIFFS' MOTION TO STRIKE EVIDENCE ATTACHED TO DEFENDANTS' REPLY AND OPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW Plaintiffs, Scot Carley and Brandon Brown, in this action and file this OBJECTION to Defendant's Motion for Leave to Exceed Page Limit in Defendant's Reply to Plaintiffs' Responses to Defendant's Motions for Summary Judgment, Plaintiffs' Motion to Strike Evidence Attached to Defendants' Reply and Opposed Motion for Leave to File Sur-Reply, and would show the Court as follows:

Defendant moved for summary judgment against Plaintiff Scot Carley and Opt-in Plaintiff Brandon Brown (hereinafter, "Plaintiffs") on the same grounds, for the same position of Cementer during the same time period of employment by Defendant. The reasoning and evidence in each of Defendant's Motions for Summary Judgment was generally the same, and could have easily been asserted in fewer than 20 pages against both Plaintiffs. Plaintiffs' responses and attached evidence demonstrating fact issues precluding summary judgment were

largely the same. Plaintiffs now ask that the Court require Defendant to exercise brevity as required by Local Rule 7 and the Court's Order (Doc. 28, p. 5, "Replies, if any shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e)(3).")

Additionally, Plaintiffs object to the additional evidence attached in Defendant's Replies. In particular, Exhibits 1 to both replies (Docs. 45-3, 46-3), which Plaintiffs object to as improper summary judgment evidence because such purported CMV reports are inadmissible hearsay and contain hearsay within hearsay, and are unauthenticated and lack a sponsoring witness. Plaintiffs move to strike such evidence, or alternatively, if the Court should decide to consider such late filed evidence, for which Defendants have not sought or obtained leave for the Court to consider, Plaintiffs request leave to address such evidence in a sur-reply. If the Court should choose to consider such evidence, Plaintiffs respectfully request the opportunity to file a sur-reply regarding the following points:

- Such evidence has not been disclosed or produced to Plaintiffs despite being responsive to discovery requests issued by Plaintiffs to Defendant and is contradicted by the evidence that was provided to Plaintiffs;
- Such evidence is unclear and ambiguous and does not support Defendant's assertion that the weight or GVWR of trucks driven by Plaintiffs was greater than 10,000 lbs;
- Defendant has failed to establish that such evidence even applies to the trucks driven by Plaintiffs as a fact question exists as to whether the Plaintiffs drove F-250s or F-350s and if so, whether the F-350s were the ones identified by Defendants; and
- The appropriate evidence according to the DOL for determination of the GVWR is located on the door jamb of the trucks which, as Plaintiffs have pointed out in their Responses, has never been provided by Defendants, and on information and belief, indicates a GVWR below 10,000 lbs.

Regardless of whether or not the Court decides to consider the new evidence attached to Defendant's replies, Plaintiffs request leave of the Court to file the attached briefing (attached as Exhibit "A") as to the "actual weight," and not the GVWR, as being the appropriate measure for

a motor vehicle in determining whether the light duty vehicle exception to the MCA Exemption applies.

Plaintiffs' Responses to Defendant's Motions for Summary Judgment did not include such argument and authority for good cause, as Defendant had failed to show that the trucks driven by Plaintiffs had a GVWR exceeding 10,000 lbs. Plaintiffs maintain that Defendant has still not produced any evidence that the pickup trucks driven by Plaintiffs exceeded 10,000 lbs by any standard, but out of an abundance of caution, Plaintiffs assert that the "actual weight" of pickup trucks is the relevant determination and request the Court grant Plaintiffs leave and consider the attached briefing, 'Plaintiffs' Sur-Reply Brief in Support of Use of 'Actual Weight' in Applying the TCA Exception to the MCA Exemption.'

Respectfully submitted,

**YOUNG & NEWSOM, PC**

By: /s/ Jeremi K. Young
**Jeremi K. Young**
State Bar No. 24013793
**Collin J. Wynne**
State Bar No. 24068815
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
(806) 331-1800
(806) 398-9095 (fax)
jyoung@youngfirm.com

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF CONFERENCE

I hereby certify that on 24th day of June, 2016, counsel for Plaintiffs conferred with counsel for Defendant Crest Pumping Technologies, LLC.

By: /s/ Jeremi K. Young
Jeremi K. Young

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2016, the foregoing document was electronically transmitted to the Clerk of the Court for filing via the Court's ECF System, and service of Notice of Electronic Filing was made to the ECF registrants shown below:

Jennifer Anderson: janderson@joneswalker.com
Christopher Mann: cmann@joneswalker.com

By: /s/ *Jeremi K. Young*
Jeremi K. Young