UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| SCOT CARLEY, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 7:15-CV-00161-RAJ-DC |
| | § § | |
| CREST PUMPING TECHNOLOGIES, L.L.C. | § § | |
| Defendant. | § § | |

**PLAINTIFFS' SUR-REPLY BRIEF IN SUPPORT OF USE OF 'ACTUAL WEIGHT' IN APPLYING THE TCA EXCEPTION TO THE MCA EXEMPTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiffs, Scot Carley and Brandon Brown, in this action and files this Brief in support of their Responses to Defendant's Motions for Summary Judgment, and would show the Court as follows:

The SAFETEA–LU Technical Corrections Act of 2008 often frustrates an employer's efforts to rely retroactively on the MCA to avoid overtime obligations. Pub. L. No. 110–244, 122 Stat. 1572 ("TCA").

The TCA "both restored"– and therefore widened – "the scope of the secretary of transportation's regulatory jurisdiction . . . and simultaneously narrowed the scope of the MCA exemption." *Aikins v. Warrior Energy Servs. Corp.*, No. 6:13-CV-54, 2015 WL 1221255, at *4 (S.D. Tex. Mar. 17, 2015) (citations omitted). In relevant part, the TCA excludes from MCA exemption coverage (thereby making otherwise excluded employees eligible for overtime compensation) those "whose work, in whole or in part, is defined – a) as that of a driver, driver's helper, loader, or mechanic; and b) as affecting the safety of operation of motor vehicles



weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce … and who performs duties on motor vehicles weighing 10,000 pounds or less.'" TCA § 306(c).

Though the issue was apparently not addressed in the *Aikins v. Warrior Energy Servs.* case, it is important to note that applicability of the TCA turns on a vehicle's <u>actual weight</u>, unlike MCA coverage, which is typically measured by a vehicle's Gross Vehicle Weight Rating, a measurement of the total weight, including passengers and cargo, the vehicle has been rated to carry.  "The TCA dropped any reference to GVWR or GCWR, and simply refers to 'motor vehicles weighing 10,000 pounds or less.' Thus, Congress appears to have abandoned the GVWR and GCWR standard for determining availability of the exemption." *Roche v. S-3 Pump Serv., Inc.*, No. 5:15-CV-268-XR, 2016 WL 51282, at *4 (W.D. Tex. Jan. 4, 2016). Ford 3500s (sometimes referred as that manufacturer's "one-ton" pickup), weigh as little as 6,010 lbs. Defendant's titles and registrations show a curb weight of 7,600 lbs. (Docs. 43-5 and 44-5). Under no circumstances, would an F-350 have a curb weight of greater than 10,000 lbs.

It is clear from the declarations of Plaintiffs, that Plaintiffs regularly drove, operated, and/or loaded vehicles weighing 10,000 pounds or less. (Plaintiffs' declaration attached to their Responses, Docs. 43-19, 44-19).  Although the pickup trucks were sometimes used to pull trailers at times, those trailers were often dropped at the location or pulled by other vehicles, and the Plaintiffs' pickup was then used for other transportation needs.  The Plaintiffs regularly drove their pick-up trucks without a trailer. (Docs. 43-19, 44-19).

It is apparent that each Plaintiff performed "some meaningful work" on vehicles weighing 10,000 pounds or less, in which case the MCA does not apply to exempt them from overtime compensation. *See Aikins v. Warrior Energy Servs. Corp.*, No. 6:13-CV-54, 2015 WL

1221255, at *4 (S.D. Tex. Mar. 17, 2015).  "Because the TCA extends FLSA coverage to motor carrier employees whose work, even 'in part,' 'affect[s] the safety of operation of motor vehicles weighing 10,000 pounds or less,' the law does not exclude a motor carrier employee from FLSA coverage merely because his or her work also involves operating heavier vehicles." *Id.* Because plaintiffs "in part" performed services using vehicles weighing less than 10,000 pounds, Defendant is unable to prevail in meeting its burden of proving that the MCA exemption applies. Even if applicability of the exemption were a close call, "[e]xemptions under the FLSA are construed narrowly against the employer, and the employer bears the burden to establish a claimed exemption." *See Songer v. Dillon Res., Inc.,* 618 F.3d 467, 471 (5th Cir. 2010).  Indeed, it is the "employer [that] has the burden of establishing the applicability of the MCA exemption, including the effect of the TCA amendments." *Roche v. S-3 Pump Serv., Inc.*, No. 5:15-CV-268-XR, 2016 WL 51282, at *3 (W.D. Tex. Jan. 4, 2016). More specifically, "[i]t is the employer's burden to demonstrate that the employees exclusively drove vehicles greater than 10,000 pounds during a workweek." *Id*.  Defendant has failed to establish that Plaintiffs' pickup trucks' actual weight is more than 10,000 pounds and summary judgment must therefore be denied.

        Respectfully submitted,

        **YOUNG & NEWSOM, PC**

        By: /s/ Jeremi K. Young
        **Jeremi K. Young**
        State Bar No. 24013793
        **Collin J. Wynne**
        State Bar No. 24068815
        1001 S. Harrison, Suite 200
        Amarillo, Texas  79101
        (806) 331-1800
        (806) 398-9095 (fax)
        jyoung@youngfirm.com

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2016, the foregoing document was electronically transmitted to the Clerk of the Court for filing via the Court's ECF System, and service of Notice of Electronic Filing was made to the ECF registrants shown below:

Jennifer Anderson:  janderson@joneswalker.com
Christopher Mann:  cmann@joneswalker.com

                                              By: /s/ *Jeremi K. Young*
                                              Jeremi K. Young