UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| SCOT CARLEY, on behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>VERSUS<br><br>CREST PUMPING TECHNOLOGIES, LLC<br><br>    Defendant. | NO. MO:15-CV-00161-RAJ-DC |

**OPPOSITION TO PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTIONS FOR LEAVE TO EXCEED PAGE LIMIT IN REPLY TO PLAINTIFFS' RESPONSES TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND PLAINTIFFS' MOTION TO STRIKE EVIDENCE ATTACHED TO DEFENDANTS' [*SIC*] REPLY [*SIC*] AND OPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Crest Pumping Technologies, LLC ("Crest"), who opposes Plaintiffs' recently-filed motion seeking hodgepodge of relief. Rec. Doc. 50. For simplicity, Crest addresses each request in turn.

**I.   RESPONSE TO PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTIONS FOR LEAVE TO EXCEED PAGE LIMIT IN REPLY TO PLAINTIFFS' RESPONSES TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT.**

Plaintiffs ask this Court to deny Crest leave to exceed the page limit for the replies in support of its motions for summary judgment. Rec. Doc. 50, pp. 1-2. It is unclear why Plaintiffs seek this relief, as the Court had already granted it before Plaintiffs filed their objection. Rec. Docs. 47-50. This request should be denied as moot.

**II.   OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE EVIDENCE ATTACHED TO DEFENDANTS' [*SIC*] REPLY [*SIC*].**

Plaintiffs object to and request that the Court strike Exhibit 1 (Rec. Doc. 45-3 and 46-3) to each reply. Rec. Doc. 50, p. 2. However, Plaintiffs failed to confer with Crest on this request.

{B1112136.3}

1

Thus, the Court should deny this non-dispositive motion for Plaintiffs' failure to confer in a good faith attempt to resolve the matter by agreement. Local Rule 7(i) ("The court may refuse to hear or <u>may deny</u> a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made.").

If the Court elects to rule on Plaintiffs' motion to strike despite their failure to confer, Plaintiffs' request should still be denied. Plaintiffs contend these exhibits should be stricken as hearsay, hearsay within hearsay, and unauthenticated and lacking a sponsoring witness, but present no authority or argument to support this contention. Rec. Doc. 50, p. 2.

Notably, Plaintiffs <u>do not</u> ask the Court to disregard or exclude evidence that, with the VINs provided in discovery, any person can call the toll-free number for the manufacturer's customer care department and verify the GVWR of the vehicles. Thus, even if the Court were to strike the exhibits corroborating information from the CMV ID website, the record still contains irrefutable evidence that the GVWR of the vehicles assigned to Plaintiffs exceeds 10,000 pounds, including Kevin Dennis's declaration and undisputed information from which the GVWR can be verified through the manufacturer.

The Court also can take judicial notice of the GVWR, if that were needed in addition to Dennis's declaration, because this information is readily available through multiple public sources whose accuracy cannot be reasonably disputed. "Federal Rule of Evidence 201(b)(2) provides that courts 'may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516 (5th Cir. 2015). The Court

"must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (finding the district court abused its discretion by failing to take judicial notice of the actual earnings history on the internet), also citing *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n. 1 (6th Cir. 2005) (taking judicial notice of a term defined on the website of the National Association of Securities Dealers, Inc.); *Schaffer v. Clinton*, 240 F.3d 878, 885 n. 8 (10th Cir. 2001) (taking judicial notice of information found in a political reference almanac and citing to the almanac's website); *Grimes v. Navigant Consulting, Inc.*, 185 F. Supp. 2d 906, 913 (N.D. Ill. 2002) (taking judicial notice of published stock prices found on the world wide web).

The accuracy of the GVWR of a vehicle using the VIN and information sourced from the vehicle's manufacturer cannot be reasonably disputed. The CMV ID system provides this information based on manufacturer data and was launched at the Federal Motor Carrier Safety Administration ("FMCSA") Data Quality System Wide Training and Conference in 2008. *See* http://cmvid.nisrinc.com/CMV_ID/CMV_ID.asp.[1] The data is gathered from state accident records systems for crashes that are federally reportable, which is uploaded directly to the Motor Carrier Management Information System. *Id.* In fact, courts have taken judicial notice of information from websites for organizations like the National Institute for Safety Research, through which the CMV ID site is available, that gather information from other sources. *See, e.g., Parker v. Chilton Cty. Bd. of Educ.*, 2014 U.S. Dist. LEXIS 5904, at *9 n. 3 (M.D. Ala. Jan. 13, 2014) (taking judicial notice of statistics compiled on a website because the high school

---

[1] The CMV ID page available on this website link explains the data system and source in greater detail. *See* Exhibit 1 for a printout of this information.

football scores contained on it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" where the sources were local newspapers).

In the alternative, Plaintiffs seek leave to address this additional evidence in yet another sur-reply (in addition to the proposed sur-reply submitted with Plaintiffs' pending request). Rec. Doc. 50, p. 2. Yet Plaintiffs failed to attach this hypothetical sur-reply to their motion in contravention of Local Rule 7(b), which requires that a copy of the proposed submission be filed as an exhibit to the motion for leave. This warrants denial of this request.

Further, none of the points Plaintiffs seek to raise in another sur-reply have merit, so the exercise would be pointless:

- First and foremost, Crest presented the GVWR of the vehicles at issue through the Declaration of Kevin Dennis based on his personal knowledge. Rec. Docs. 37-3 and 38-2. This renders all of Plaintiffs' other arguments immaterial.

- Plaintiffs complain that Crest did not produce copies VIN decoding records in discovery. Rec. Doc. 50, p. 2. Crest provided Plaintiffs with the VINs for the vehicles driven by both Brown and Carley, but was not obligated to perform Plaintiffs' investigation using publicly-available resources to verify the GVWR of the vehicles.

- Plaintiffs contend the GVWR evidence is "unclear and ambiguous," yet the VIN decoding records on their face clearly state that the GVWR for the F-350s at issue is more than 10,000 pounds (10,001 to 14,000 pounds).

- Plaintiffs' oddly contend that "a fact question exists as to whether the Plaintiffs drove F-250s or F-350s and if so, whether the F-350s were the ones identified by Defendants." Rec. Doc. 50, p. 2. No evidence is cited or exists to support this

assertion. Based on the VINs alone, which were provided in discovery, it is clear that Plaintiffs drove F-350s. Moreover, each Plaintiff identified by Crest's reference number the vehicle he drove, which can be cross-referenced with Crest's business records that state these were F-350s. Rec. Docs. 37-3, ¶ 14 and Exhibits V and W thereto, and 38-2, ¶ 15 and Exhibits D, V, and W thereto. Brown testified that the F-350 was the only vehicle he drove while working at Crest. Brown Dep. at p. 78. Carley testified that he was not sure about the make/model of the vehicle he drove (Rec. Doc. 38-1, pp. 18-9 and 51-2 of 68), but uncertainty and equivocation are not evidence and do not create a genuine issue of material fact regarding the evidence Crest provided.[2] *Allen v. Coil Tubing Services, L.L.C.*, 846 F. Supp. 2d 678, 688 (S.D. Tex. 2012) ("conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment"). And, if Plaintiffs believed there was a *genuine* issue of material fact on this point, Plaintiffs could and should have raised this argument in their oppositions, which they did not do.

- Plaintiffs contend that the "appropriate evidence" for determination of the GVWR is located on the door jamb of the trucks driven by Plaintiffs. Rec. Doc. 50, p. 2. This type of evidence is not required to establish the GVWR of a vehicle, and

---

[2] Crest's business records, as cross-referenced with an email from Carley wherein he identifies by reference number the vehicle that was assigned to him, demonstrate otherwise. Rec. Doc. 38-2, ¶ 15, and Exhibits D, V, and W thereto. And, his uncertainty is not enough to create a question of fact.

{B1112136.3}

indeed federal courts have relied on declarations from corporate representatives similar that that presented here for this same information.[3]

- Astonishingly, Plaintiffs claim Crest did not provide the GVWR of Plaintiffs' vehicles in discovery. **This is demonstrably false.** In response to Plaintiffs' Interrogatory No. 6, Crest answered, under oath: **"Cement service supervisors, like Plaintiffs, are assigned and drive vehicles with gross vehicle weight ratings in excess of 10,001 pounds."** Rec. Docs. 43-3 and 44-3.[4] Even if Plaintiffs genuinely believed they were not provided with this information, they never filed a motion to compel seeking it, and they never attempted to take the deposition of Kevin Dennis, who verified the interrogatory answer and provided the same information in his declaration in support of Crest's Motions for Summary Judgment. Plaintiffs cannot avoid summary judgment based "on information and belief," but instead have to produce evidence that demonstrates a *genuine* issue of *material* fact, which they cannot do.

Plaintiffs provided no basis or authority for striking clearly admissible evidence, which was provided to Plaintiffs in discovery, and is based on a declaration from a witness with personal knowledge, admissible business records, the testimony of the Plaintiffs, and at least two

---

[3] For example, in *Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920 (W.D. Pa. 2011), the defendant introduced a declaration from a corporate representative that stated the fleet of trucks driven by the employees at issue was made up of "some trucks with Gross Vehicle Weight Ratings ('GVWRs') of 10,000 pounds and higher, and some trucks with GVWRs under 10,001 pounds." Rec. Doc. 29, Exhibit A, ¶ 5. The court relied on this evidence in granting summary judgment on the state law claim (which incorporates the federal MCA) of the plaintiff who drove a truck with a GVWR that exceeded 10,000 pounds. *Id.* at 940.

[4] Plaintiffs failed to include the Verification of Kevin Dennis submitted with Crest's answers to Interrogatories. Assuming Plaintiffs did not intend to provide the Court with incomplete information, the Verification of Kevin Dennis is attached hereto as Exhibit 2.

public sources, or to permit Plaintiffs to file yet another brief (in spite of their proclaimed interest in brevity) to address arguments that are not supported by the evidence or that they could have made earlier.

### III.    OPPOSITION TO MOTION FOR LEAVE TO FILE SUR-REPLY.

Finally, Plaintiffs seek leave to file a sur-reply, a copy of which is attached as Exhibit A (Rec. Doc. 50-1), regardless of the outcome of the other requests. Rec. Doc. 50, pp. 2-3. Therein, Plaintiffs make arguments they could have made in their oppositions, and that are expressly rejected by one of the very cases they cite in their oppositions. Rec. Docs. 43 at ¶¶ 73, 74, 76, and 77, and 44 at ¶¶ 74, 75, 77, and 78, citing *Roche v. S-3 Pump Serv., Inc.*, 2016 U.S. Dist. LEXIS 82 (W.D. Tex. Jan. 4, 2016). Plaintiffs erroneously contend that the "actual weight," not the GVWR, is the appropriate measure in determining whether the TCA exception applies and misrepresent the applicable law. *Id*.

First, Plaintiffs should not be permitted to make arguments that could and should have been previously raised. Plaintiffs attempt to excuse their failure to address this issue by claiming that "Defendant had failed to show that the trucks driven by Plaintiffs had a GVWR exceeding 10,000 lbs." Rec. Doc. 50, p. 3. Regardless of whether Plaintiffs subjectively believed Crest met its burden of proving the vehicles driven had a GVWR that exceeded 10,000 pounds, Crest made clear it was primarily relying on <u>GVWR</u> to demonstrate why the TCA exception did not apply and the MCA exemption did. If Plaintiffs believed this was not the appropriate measurement, this could and should have been addressed in their oppositions. Thus, there is no reason to permit additional briefing, and allowing Plaintiffs to raise this issue now that briefing is complete is fundamentally unfair to Crest. *See, e.g., Garza v. Henry*, 2014 U.S. Dist. LEXIS 185736 (W.D. Tex. Dec. 4, 2014) (denying the plaintiffs' motion to file a sur-reply, despite considering the proposed sur-reply and the defendant's response to the motion for leave to file same, where the

plaintiffs failed to satisfactorily demonstrate that the arguments raised could not have been included in plaintiffs' response and in recognition of the necessity to end briefing on motions at some point).

Second, the Court need not allow Plaintiffs to submit additional briefing that misrepresents authority that has already been cited[5] and that is perfectly clear. While Plaintiffs rely heavily on *Aikins v. Warrior Energy Servs.*, 2015 WL 1221255 (S.D. Tex. March 17, 2015), it is unclear why as they admit the issue of whether the applicability of the TCA exception is measured by GVWR or actual weight was "apparently not addressed." Rec. Doc. 50-1, p. 2. And, the following sentence wherein Plaintiffs boldly claim that "it is important to note that applicability of the TCA turns on a vehicle's <u>actual weight</u>, unlike MCA coverage, which is typically measured by a vehicle's Gross Vehicle Weight Rating, a measurement of the total weight, including passengers and cargo, the vehicle has been rated to carry" contains **no citation to any legal authority**. Further, *Aikins* refutes Plaintiffs' suggestion that Crest somehow bears the burden with respect to whether the TCA exception applies – the Court in *Aikins* stated "[b]ecause it is ordinarily the plaintiff's burden to establish that he or she is covered by the FLSA […], that is likely the case under the TCA coverage provision as well." 2015 WL 1221255 at *4, n. 3.

Plaintiffs next misrepresent *Roche v. S-3 Pump Serv., Inc.*, 2016 U.S. Dist. LEXIS 82 (W.D. Tex. Jan. 4, 2016), the only other case they substantively rely on, for the proposition that the TCA refers to "motor vehicles weighing 10,000 pounds or less" and drops any reference to GVWR or GCWR, such that "Congress appears to have abandoned the GVWR and GCWR

---

[5] Plaintiffs cited to both *Aikins v. Warrior Energy Servs.*, 2015 WL 1221255 (S.D. Tex. March 17, 2015), and *Roche v. S-3 Pump Serv., Inc.*, 2016 U.S. Dist. LEXIS 82 (W.D. Tex. Jan. 4, 2016), in their oppositions to the motions for summary judgment. *See* Rec. Docs. 43 at ¶¶ 73, 74, 76, and 77, and 44 at ¶¶ 74, 75, 77, and 78.

{B1112136.3}

standard for determining availability of the exemption." Rec. Doc. 50-1, p. 2. While Crest does not dispute this is a quote from *Roche*, it is misleading and does not accurately reflect the holding of that case. In beginning with an analysis of how weight should be defined, the court quoted from the Department of Labor's Wage and Hour Division, Field Assistance Bulletin No. 2010-2[6] wherein the DOL stated that it "will continue to use the gross vehicle weight rating (GVWR) or gross combined vehicle weight rating in the event that the vehicle is pulling a trailer." *Roche*, 2016 U.S. Dist. LEXIS 82 at *9-10. Indeed, the *Roche* court went one step further and explained the practical reason for **not** using actual weight:

> The "actual weight" measurement does have an "ordinary meaning" appeal. The practical difficulty, however, in using this definition is that employers would be required to weigh trucks and loaded trailers on a regular basis to ensure that they may benefit from the exemption.

*Id*. at *12. Ultimately, the court deferred to the DOL's interpretation and applied GVWR. *Roche*, 2016 U.S. Dist. LEXIS 82 at *12. Yet, Plaintiffs omit this analysis from their proposed sur-reply and, instead, misrepresent *Roche*, which does not support their assertion that actual weight applies in light of its holding to the contrary. Rec. Doc. 50-1.

In coming to this conclusion, *Roche* cited to *McCall v. Disabled Am. Veterans*, 723 F.3d 962, 966 (8th Cir. 2013), which also supports the use of GVWR over actual weight. *Id*. at *12. In *McCall*, the trucks the plaintiff operated had an actual weight of less than 10,000 pounds but a GVWR of greater than 10,000 pounds. *McCall*, 723 F.3d at 963. In considering how weight should be measured, the *McCall* court thoroughly outlined the TCA and concluded that the overtime pay provisions only apply to vehicles with a GVWR of 10,000 pounds or less, thus affording appropriate deference to the interpretation of the FLSA in the DOL's Field Assistance

---

[6] Plaintiffs cited to this very Field Assistance Bulletin in their oppositions to the motions for summary judgment. *See* Rec. Docs. 43 at ¶ 83, and 44 at ¶ 84.

Bulletin. *Id*. at 964-6. Like *Roche*, the *McCall* court found that the "use of GVWR establishes an objective and predictable standard for determining whether the [MCA exemption] applies." *Id*. at 966. And, importantly, the Fifth Circuit has specifically referred to *McCall* for a discussion of the TCA. *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 292 (5th Cir. 2014) ("For a discussion of the SAFETEA-LU Technical Corrections Act, *see, e.g., McCall v. Disabled Am. Veterans*, 723 F.3d 962 (8th Cir. 2013)."). This suggests an implicit adoption of the *McCall* interpretation of the TCA and the use of GVWR over actual weight.

Thus, Plaintiffs' sur-reply will not aid the Court in deciding Crest's motion for summary judgment. To the contrary, allowing Plaintiffs to file their proposed sur-reply will only require additional briefing by Crest in light of the glaring misrepresentations of the authority and the evidence cited therein.

## IV. CONCLUSION

Crest respectfully requests that the Court deny Plaintiffs' motion in all respects for the reasons set forth herein.

Respectfully submitted,

*/s/ Jennifer L. Anderson*
Jennifer L. Anderson
Attorney-In-Charge
(TX Bar No. 24047796; Federal ID 34754)
Stephanie M. Gilliam
(TX Bar No. 24083071; Federal ID 1829598)
Jones Walker LLP
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana 70809
Telephone: (225) 248-2040
Facsimile: (225) 248-3040
E-mail:janderson@joneswalker.com
         sgilliam@joneswalker.com

and

Christopher S. Mann
(TX Bar No. 24061563; Federal ID 605320)
Jason Culotta (Federal ID 2859054)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8332
Facsimile:  (504) 589-8332
E-Mail:cmann@joneswalker.com
         jculotta@joneswalker.com

***Attorneys for Defendant, Crest Pumping Technologies, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2016, a copy of the foregoing was filed electronically using the Court's CM/ECF system and served in accordance with the Federal Rules of Civil Procedure. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

 */s/ Jennifer L. Anderson*
Jennifer L. Anderson

{B1112136.3}