# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | |
|---|---|
| SCOT CARLEY, on behalf of Himself and All Others Similarly Situated, | |
| **Plaintiff,** | NO. 7:15-CV-00161-DC |
| **VERSUS** | |
| CREST PUMPING TECHNOLOGIES, LLC | |
| **Defendant.** | |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

## Instruction No. 1:

## Jury Charge

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner,

based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for plaintiffs or the defendant in arriving at your verdict.

Before I tell you about the burden of proof and the law that you will apply in this case, please remember that you have been chosen from the community to make a determination about the facts in this case. What the community expects of you and what I expect of you, is the same thing that you would expect if you were a party to this suit: an impartial deliberation and conclusion.

*Source:*      U.S. Fifth Circuit Pattern Jury Instructions, 2014, No. 3.1 (modified).

GIVEN:                    _____
GIVEN AS MODIFIED:     _____
DENIED:                  _____


_____      _____
UNITED STATES MAGISTRATE JUDGE      Date

**Instruction No. 2:**

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

*Source:*        U.S. Fifth Circuit Pattern Jury Instructions, 2014, No. 3.4.

GIVEN:                              _____
GIVEN AS MODIFIED:        _____
DENIED:                            _____


_____          _____
UNITED STATES MAGISTRATE JUDGE                     Date

{B1115904.1}

4

**Instruction No. 3:**

**Bias – Corporate Party Involved**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

*Source*:        U.S. Fifth Circuit Pattern Jury Instructions, 2014, No. 2.16.

GIVEN:                          _____
GIVEN AS MODIFIED:       _____
DENIED:                        _____


_____          _____
UNITED STATES MAGISTRATE JUDGE              Date

**Instruction No. 4:**

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

*Source*:          U.S. Fifth Circuit Pattern Jury Instructions, 2014, No. 3.6.

GIVEN:                              _____
GIVEN AS MODIFIED:        _____
DENIED:                            _____


_____          _____
UNITED STATES MAGISTRATE JUDGE          Date

**Instruction No. 5:**

**Burden of Proof:  Preponderance of The Evidence**

The parties in this case – Plaintiffs Scot Carley ("Plaintiff Carley") and Brandon Brown ("Plaintiff Brown") and Defendant Crest Pumping Technologies ("Crest") – each have the burden of proving certain elements of their case by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that a party has failed to prove any element of their claim or defense by a preponderance of the evidence, then that party may not recover on that claim or prevail on that defense.

*Source:*        U.S. Fifth Circuit Pattern Jury Instructions, 2014, No. 3.2 (modified).

GIVEN:                              _____
GIVEN AS MODIFIED:       _____
DENIED:                            _____


_____        _____
UNITED STATES MAGISTRATE JUDGE              Date

**Instruction No. 6:**

**Fair Labor Standards Act**

Plaintiff Carley and Plaintiff Brown claim that they were each eligible for overtime under the Fair Labor Standards Act ("FLSA"), and that Crest did not pay them overtime pay required by the FLSA.

Crest denies Plaintiffs' claims and contends that Plaintiffs were not eligible for, and instead were exempt from, overtime under the FLSA. Crest maintains it properly classified Plaintiffs as exempt from overtime under one or more of the following FLSA exemptions: (1) the Motor Carrier Act exemption. (2) the executive exemption, and/or (3) the highly-compensated employee exemption.

The parties have stipulated that Plaintiffs were employed by Crest and that the FLSA applies to Crest.  Therefore, you will only need to determine, for each plaintiff, whether Crest has proved by a preponderance of the evidence that an exemption from overtime applies and, if not, whether Plaintiff proved by a preponderance of the evidence that he was entitled to, but did not receive, overtime compensation.  I will explain to you what Plaintiffs and Crest will have to prove in a few moments.

If, after considering all of the evidence, you find either that Crest has proved Plaintiffs were exempt employees, or that Plaintiffs have failed to prove they were entitled to but did not receive overtime, your verdict must be for Crest.

*Source:*        U.S. Fifth Circuit Pattern Jury Instructions, 2014, No. 11.24 (modified).

GIVEN:                              _____
GIVEN AS MODIFIED:          _____
DENIED:                            _____


_____          _____
UNITED STATES MAGISTRATE JUDGE                Date

**Instruction No. 6:**

**Exemptions from Overtime Pay under the FLSA**

Crest claims that the FLSA's provisions regarding the payment of overtime did not apply to Plaintiff Carley or Plaintiff Brown because Plaintiffs were exempt from those requirements. Specifically, Crest claims that Plaintiffs were exempt under at least one of the following exemptions, which I will explain to you in more detail in a few moments: (1) the Motor Carrier Act exemption (2) the executive exemption, and (3) the highly-compensated employee exemption.

Even if Plaintiffs prove that they worked more than 40 hours in a work week, you must return a verdict for Crest if Crest proves by a preponderance of the evidence that Plaintiffs were exempt from overtime pay under one or more of these exemptions.

*Source:*       U.S. Fifth Circuit Pattern Jury Instructions, 2014, No. 11.24 (modified).

GIVEN:                                         _____
GIVEN AS MODIFIED:         _____
DENIED:                                       _____


_____          _____
UNITED STATES MAGISTRATE JUDGE          Date

**Instruction No. 7:**

**Crest's Exemption No. 1 – <u>Motor Carrier Act Exemption</u>**

Plaintiffs are not entitled to overtime compensation under the FLSA if Crest can establish that the Motor Carrier Act ("MCA") exemption applies to Plaintiffs. The MCA exemption applies to employees who are subject to the rules of the United States Department of Transportation ("DOT") regarding the operation of commercial motor vehicles on public highways in interstate commerce.

For Crest to establish that the MCA exemption applies to Plaintiffs, Crest must establish that it is a motor carrier subject to the DOT's jurisdiction and that Plaintiffs' job duties affected the safety of motor vehicles operating in interstate commerce. The parties have stipulated that both of these criteria have been met so there is nothing for you to decide in this regard.

Notwithstanding the MCA exemption, an employee will still be eligible for overtime in any work week in which the employee performs some meaningful work for more than an insubstantial time with vehicles weighing 10,000 pounds or less. In the context of this exception, the weight of a motor vehicle is determined by the greater of the vehicle's gross weight or its gross vehicle weight rating (GVWR). GVWR means the value specified by the manufacturer as the loaded weight of a single motor vehicle. If the vehicle is used to tow a trailer, the weight for the purpose of this exception is determined by the greater of the vehicle's and trailer's gross combination weight or gross combination weight rating (GCWR). GCWR can be determined by the sum of the gross weights or the GVWRs of the vehicle and towed trailer, or any combination thereof, that produces the highest value.

Each Plaintiff must prove this exception by a preponderance of the evidence that in a particular work week he performed some meaningful work for more than an insubstantial time

with vehicles weighing 10,000 pounds or less. The exception will only apply in a work week in which the Plaintiff has met this burden.

*Source:* U.S. Fifth Circuit Pattern Civil Jury Instructions, 2006, No. 11.1 (modified) (Fair Labor Standards Act (29 U.S.C. §216)); 49 U.S.C. § 13501; 49 C.F.R. § 390.5; 29 C.F.R. § 782.2, C.F.R. § 782.3(b), 29 C.F.R. § 782.7(b)(1), SAFETEA-LU Technical Corrections Act of 2008 ("TCA"), Pub. L. No. 110-244 at Section 306(c); 49 C.F.R. § 571.3; 49 C.F.R. § 171.8; 49 C.F.R 172.101; *Allen v. Coil Tubing Services*, LLC, No. 12-20194, 2014 U.S. App. LEXIS 11069, at *7-24 (5th Cir. June 13, 2014), *Songer v. Dillon Resources, Inc*., 618 F.3d 467, 473 (5th Cir. 2010); *Mendoza v. HOHOHO Express, Inc*., No. H-13-0317, 2014 U.S. Dist. LEXIS 64846, at *8 (S.D. Tex. May 12, 2014); *Lucas v. NOYPI, Inc.*, Civ. Act. No. H-11-1940, 2012 WL 4754729 (S.D. Tex. Oct. 3, 2012), *aff'd*, 536 Fed. Appx. 416 (5th Cir. 2013).

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED: _____

_____        _____
UNITED STATES MAGISTRATE JUDGE          Date

## Crest's Exemption No. 2 – <u>Executive Exemption</u>

Plaintiffs are also not entitled to overtime compensation under the FLSA if Crest can prove that Plaintiffs were properly classified as exempt under the executive exemption. To show the executive exemption applies, Crest must prove the following elements by a preponderance of evidence:

1. That Plaintiffs were compensated on a salary basis at a rate of not less than $455 per week;

2. That Plaintiffs' primary duty was management of the enterprise in which they were employed or of a customarily recognized department or subdivision thereof;

3. That Plaintiffs customarily and regularly directed the work of two or more other employees; and

4. That Plaintiffs had the authority to hire or fire other employees or make suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees, and that such suggestions and recommendations were given particular weight.

With respect to the first element of the Executive Exemption, the parties have stipulated that Plaintiffs were compensated on a salary basis at a rate of not less than $455 per week, so there is no issue for you to determine in that respect.

### A. <u>Primary Duty and Management of the Enterprise</u>

The second element of the executive exemption requires that the employee's "primary duty" involve the management of the enterprise in which he is employed. The term "primary duty" means the main or most important duty that the employee performs. Determination of an employee's primary duty must be based on all of the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the

{B1115904.1}

primary duty of an employee. Thus, an employee who spends more than 50 percent of his time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and an exempt employee is not required to spend more than 50 percent of his time performing exempt work. An employee who does not spend more than 50 percent of his time performing exempt duties may nonetheless meet the primary duty requirement if other factors support such a conclusion.

Generally, the term "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures. Other activities not in this list may be considered management, and it is not necessary for you to find that all of these activities occurred to find that the Plaintiffs' primary duty includes management.

The phrase "a customarily recognized department or subdivision" is intended to distinguish between a mere collection of employees assigned from time to time to a specific job or series of jobs and a unit with permanent status and function. A customarily recognized department or subdivision must have a permanent status and a continuing function.

Therefore you must determine whether Crest has established by a preponderance of the evidence that Plaintiffs' primary duty was the management of a customarily recognized department of Crest's operations.

**B.**     <u>**Direction of Two or More Other Employees**</u>

The third element of the executive exemption requires that the Plaintiffs customarily and regularly directed the work of two or more other employees. The phrase "two or more other employees" means two full-time employees or their equivalent. One full-time and two half-time employees, for example, are equivalent to two full-time employees. The supervision can be distributed among two or more employees, but each such employee must customarily and regularly direct the work of two or more other full-time employees or the equivalent. You must determine whether Crest has established by a preponderance of the evidence that Plaintiffs customarily and regularly directed the work of two or more other Crest employees.

**C.**     <u>**Ability to Impact Other Employees' Status**</u>

The fourth element of the executive exemption requires that Plaintiffs had the authority to impact the employment status of other employees, such as hiring, firing, promotion, etc., or that Plaintiffs' suggestions and recommendations as to these issues were given "particular weight." Factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, the suggestions and recommendations must pertain to employees whom the employee customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a co-worker. An employee's suggestions and recommendations can still be deemed to have

{B1115904.1}

"particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

You must determine whether Crest has established this element by a preponderance of the evidence as well.

*Source*:    9 C.F.R. § 541.100(a); 29 C.F.R. § 541.700; 29 C.F.R. § 541.102; 29 C.F.R. § 541.103(a); 29 C.F.R. § 541.104; 29 C.F.R. § 541.105.

GIVEN:                              _____
GIVEN AS MODIFIED:       _____
DENIED:                           _____


_____          _____
UNITED STATES MAGISTRATE JUDGE                  Date

**Instruction No. 9:**

**Crest's Exemption No. 3 – <u>Highly-Compensated Employee Exemption</u>**

Plaintiffs are also not entitled to overtime compensation under the FLSA if Crest can prove that the highly-compensated employee exemption applies to Plaintiffs. Crest must prove the following by a preponderance of the evidence.

1.      Plaintiffs earned a total annual compensation of at least $100,000; and

2.      Plaintiffs customarily and regularly performed any one or more of the following exempt duties:

      (a)      performance of work directly related to the management or general business operations of Crest or 'Crest's customers;

      (b)      the exercise of discretion and independent judgment with respect to matters of significance;

      (c)      management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

      (d)      directs the work of two or more other employees; or

      (e)      had the authority to hire or fire other employees, or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

**A.      <u>Total Annual Compensation</u>**

Total annual compensation must include at least $455 per week on a salary or fee basis and may include nondiscretionary bonuses and other nondiscretionary compensation earned during a 52-week period. An employee who does not work a full year for the employer because the employee ends the employment before the end of the year, may qualify for exemption under this section if the employee receives a pro rata portion of $100,000 in total annual compensation based on the number of weeks the employee has been employed. As I instructed you earlier, the parties have agreed that the Plaintiffs were paid a salary of at least $455 per week. Because each

Plaintiff worked for Crest for less than a full year, you must decide whether each earned annual compensation of $100,000 on a pro rata basis while employed by Crest.

**B.**     <u>**Customarily and Regularly Performed At Least One of the Exempt Duties**</u>

With respect to the second element of the highly-compensated employee exemption, Crest must prove that Plaintiffs customarily and regularly performed at least one exempt duty or responsibility. I previously described to you in Instruction No. 8 an explanation of several of these exempt duties. I will now describe for you the other exempt duties that, along with the required level of compensation, can cause the highly compensated employee exemption to apply.

### i.     Directly Related to Management or General Business Operations

For an employee to be considered to have performed work directly related to the management or general business operations of an employer, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment

### ii.     Exercise of Discretion and Independent Judgment with Respect to Matters of Significance

The exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent

judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.

You must determine whether Crest has established by a preponderance of the evidence that Plaintiffs satisfy the criteria to qualify for the highly-compensated employee exemption.

*Source:*     29 C.F.R. § 541.601; 29 C.F.R. § 541.201; 29 C.F.R. § 541.202; 29 C.F.R. § 541.100.

GIVEN:                                    _____
GIVEN AS MODIFIED:          _____
DENIED:                                  _____


_____          _____
UNITED STATES MAGISTRATE JUDGE                    Date

{B1115904.1}

**Instruction No. 10:**

**Overtime – More than 40 Hours in a Work Week**

If you determine that Crest has not proved by a preponderance of the evidence that Plaintiffs were properly classified as exempt employees under one or more of the exemptions I described to you, Plaintiffs must prove that they were entitled to, but did not receive, overtime compensation. To do this, Plaintiffs must prove by a preponderance of the evidence that they worked more than 40 hours without overtime compensation during one or more work weeks in which they were employed by Crest.

*Source:*      29 C.F.R § 785.1.

GIVEN:                              _____
GIVEN AS MODIFIED:      _____
DENIED:                           _____


_____          _____
UNITED STATES MAGISTRATE JUDGE          Date

**Instruction No. 11:**

**Determining Hours Worked**

In order to determine whether Plaintiffs were entitled to overtime in any particular work week, Plaintiffs must prove how many hours they worked in that work week. Generally, work means physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business.

**A.      Waiting Time**

Whether the time an employee spends waiting to work amounts to time actually worked depends on a consideration of all the circumstances. If you determine that Plaintiffs were engaged by Defendant Crest to wait, then the time they spent waiting should be included in the number of hours they worked. If, on the other hand, you determine that Plaintiffs were merely waiting to be engaged, then that wait time should not be included in the number of hours they worked. Such questions must be determined in accordance with common sense and the general concept of work.

**B.      Rest and Meals**

Rest or other periods of 20 minutes or less are not deducted from the hours worked by an employee and must, therefore, be counted as hours of work. Actual meal periods of 20 minutes or more during which the employee performs no duties and is completely relieved from duty are not hours worked.

**C.      Travel Time**

Determining whether or not time spent in travel is working time depends upon the kind of travel involved. Time "working" does not include time spent in traveling to and from the actual

place of performance of the principal activity which such employee is employed to perform either before or after the employee begins that principal activity.

**D.** **On Call Time**

An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call." An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call.

*Source:*   U.S. Fifth Circuit Pattern Jury Instructions, 2014, No. 11.24 (modified); 29 C.F.R § 785.14; 29 C.F.R. § 785.18; 785.19; 29 C.F.R. § 785.33; 29 C.F.R. § 785.34.

GIVEN: _____
GIVEN AS MODIFIED: _____
DENIED: _____


_____          _____
UNITED STATES MAGISTRATE JUDGE                    Date

**Instruction No. 12:**

**Work Week**

An employee's work week is a fixed and regularly recurring period of 168 hours—seven consecutive 24-hour periods. It need not coincide with the calendar week but may begin on any day and at any hour of the day.

*Source:*        29 C.F.R. 778.104; 29 C.F.R. 778.105.

GIVEN:                         _____
GIVEN AS MODIFIED:        _____
DENIED:                        _____


_____              _____
UNITED STATES MAGISTRATE JUDGE                Date

**Instruction No. 13:**

**Records and Evidence of Hours Worked**

The law generally requires employers to keep accurate records of the hours worked by employees who are not exempt from the FLSA's overtime requirements. An employer is not required to keep records of hours worked by employees who are exempt from overtime under the exemptions at issue in this case.

In the absence of such records or other accurate estimates from the employer, you may determine the number of hours an employee worked based on the employee's evidence and your just and reasonable inferences drawn therefrom. To the extent the employee's evidence includes his recollection, it must be more than mere speculation, but need not be precise, and may consist of an approximation of the hours he worked.

*Source:*       U.S. Fifth Circuit Pattern Jury Instructions, 2014, No. 11.24 (modified).

GIVEN:                                    _____
GIVEN AS MODIFIED:        _____
DENIED:                                 _____


_____        _____
UNITED STATES MAGISTRATE JUDGE            Date

**Instruction No. 14:**

**FLSA Overtime Pay**

If you find that either Plaintiff worked more 40 hours in any work week for which overtime was not paid, then you must determine the amount of any overtime to be paid for each such work week. You should not conclude from the fact that I am instructing you on overtime pay that I have any opinion as to whether Plaintiffs have proved entitlement to overtime pay. The amount of overtime pay, or damages, is the difference between the amount Plaintiffs should have been paid in a given work week and the amount they were actually paid.

*Source:*        U.S. Fifth Circuit Pattern Jury Instructions, 2014, No. 11.25 (modified).

GIVEN:                                  _____
GIVEN AS MODIFIED:          _____
DENIED:                                _____


_____          _____

UNITED STATES MAGISTRATE JUDGE                      Date

**Instruction No. 15:**

**Calculating Overtime Pay**

To calculate overtime owed for a particular work week, the total amount of compensation paid to the employee in that work week is divided by the total number of hours worked in that week, which yields the hourly rate of pay. The hourly rate of pay is then divided by two and that amount is multiplied by the number of hours in excess of 40 that the employee worked in that work week. This calculation yields the total amount to be paid for overtime for that work week.

*Source:*     29 C.F.R. § 778.112.

GIVEN:               _____
GIVEN AS MODIFIED:    _____
DENIED:             _____

_____       _____

UNITED STATES MAGISTRATE JUDGE       Date

## Instruction No. 16:

## Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in

mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

*Source*:        U.S. Fifth Circuit Pattern Jury Instructions, 2014, No. 3.7.

GIVEN:                            _____
GIVEN AS MODIFIED:        _____
DENIED:                          _____


_____          _____
UNITED STATES MAGISTRATE JUDGE          Date

## PROPOSED VERDICT FORM

In answering these questions, you are to follow all of the instructions I have given you in the Court's charge. As used herein, "Crest" means Crest Pumping Technologies, LLC.

## Plaintiff Scot Carley

### Question No. 1

Has Defendant Crest proved that Plaintiff Carley was exempt from overtime pay under the Motor Carrier Act exemption?

Answer: Yes _____ No _____

**If your answer is "Yes," proceed to the next question. If your answer is "No," skip the next question and proceed to Question 3 for Plaintiff Carley.**

### Question No. 2

Has Plaintiff Carley proved that he performed some meaningful work for more than an insubstantial time with vehicles weighing 10,000 pounds or less in any work week in which he worked for Crest?

Answer: Yes _____ No _____

**If your answer is "Yes," proceed to the next question. If your answer is "No," do not answer any of the remaining questions for this Plaintiff and proceed to Question No. 1 for Plaintiff Brandon Brown.**

### Question No. 3

Has Defendant Crest proved that Plaintiff Carley was exempt from overtime pay as an executive employee?

Answer: Yes _____ No _____

**If your answer is "No," proceed to the next question. If your answer is "Yes," do not answer any of the remaining questions for this Plaintiff and proceed to Question No. 1 for Plaintiff Brandon Brown.**

### Question No. 4

Has Defendant Crest proved that Plaintiff Carley was exempt from overtime pay as a highly-compensated employee?

Answer: Yes _____ No _____

**If your answer is "No," proceed to the next question. If your answer is "Yes," do not answer any of the remaining questions for this Plaintiff and proceed to Question No. 1 for Plaintiff Brandon Brown.**

Question No. 5

Has Plaintiff Carley proved he worked more than 40 hours in any work week but did not receive overtime compensation?

Answer: Yes _____ No _____

**If your answer is "Yes," proceed to the next question. If your answer is "No," do not answer any of the remaining questions for this Plaintiff and proceed to Question No. 1 for Plaintiff, Brandon Brown.**

Question No. 6

How much overtime pay is Plaintiff Carley owed? Answer in dollars and cents: $ _____.

**Proceed to the next question.**

## Plaintiff Brandon Brown

### Question No. 1

Has Defendant Crest proved that Plaintiff Brown was exempt from overtime pay under the Motor Carrier Act exemption?

Answer: Yes _____ No _____

**If your answer is "Yes," proceed to the next question. If your answer is "No," skip the next question and proceed to Question 3 for Plaintiff Brown.**

### Question No. 2

Has Plaintiff Brown proved that he performed some meaningful work for more than an insubstantial time with vehicles weighing 10,000 pounds or less in any work week in which he worked for Crest?

Answer: Yes _____ No _____

**If your answer is "Yes," proceed to the next question. If your answer is "No," do not answer any of the remaining questions for this Plaintiff.**

### Question No. 3

Has Defendant Crest proved that Plaintiff Brown was exempt from overtime pay as an executive employee?

Answer: Yes _____ No _____

**If your answer is "No," proceed to the next question. If your answer is "Yes," do not answer any of the remaining questions for this Plaintiff.**

### Question No. 4

Has Defendant Crest proved that Plaintiff Brown was exempt from overtime pay as a highly-compensated employee?

Answer: Yes _____ No _____

**If your answer is "No," proceed to the next question. If your answer is "Yes," do not answer any of the remaining questions for this Plaintiff.**

## Question No. 5

Has Plaintiff Brown proved he worked more than 40 hours in any work week but did not receive overtime compensation?

> Answer: Yes _____     No _____

**If your answer is "Yes," proceed to the next question. If your answer is "No," do not answer any of the remaining questions for this Plaintiff.**

## Question No. 6

How much overtime pay is Plaintiff Brown owed? Answer in dollars and cents: $ _____.

**Please proceed to the next page, and your Jury Foreperson will sign and date the Verdict Form.**

We, the jury, unanimously answered the preceding questions based on a preponderance of the evidence.

Signed this _____ day of _____, 2016.


_____

JURY FOREPERSON

Respectfully submitted,

*/s/ Jennifer L. Anderson* _____
Jennifer L. Anderson
Attorney-In-Charge
(TX Bar No. 24047796)
Stephanie M. Gilliam
(TX Bar No. 24083071)
Jones Walker LLP
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana 70809
Telephone: (225) 248-2040
Facsimile: (225) 248-3040
E-mail:janderson@joneswalker.com
          sgilliam@joneswalker.com

and

Christopher S. Mann
(TX Bar No. 24061563)
Jason Culotta
(TX Federal ID 2859054)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8332
Facsimile:  (504) 589-8332
E-Mail:cmann@joneswalker.com
          jculotta@joneswalker.com

***Attorneys for Defendant, Crest Pumping Technologies, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2016, a copy of the foregoing was filed electronically using the Court's CM/ECF system and served in accordance with the Federal Rules of Civil Procedure.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

*/s/ Jennifer L. Anderson*
Jennifer L. Anderson