IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **SCOT CARLEY, On Behalf of Himself and All Others Similarly Situated,** *Plaintiff*, <br><br> v. <br><br> **CREST PUMPING TECHNOLOGIES, LLC,** *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    NO. MO:15-CV-00161-DC |

## FINAL JUDGMENT

BEFORE THE COURT is Plaintiffs Scot Carley and Brandon Brown's (collectively, "Plaintiffs") Motion for Entry of Judgment (Doc. 119) and Plaintiffs and Defendant Crest Pumping Technologies, LLC's ("Crest") Joint Stipulation as to Damage Award (Doc. 129). This case is before the undersigned U.S. Magistrate Judge pursuant to the consent of the Parties. (Doc. 58). After due consideration, Plaintiffs' Motion for Entry of Judgment (Doc. 119) shall be **GRANTED** and the Court enters **JUDGMENT** pursuant to the Parties' Joint Stipulation to Damage Award (Doc. 129).

### I. BACKGROUND

This is an action brought pursuant to the Fair Labor Standards Act ("FLSA") to recover unpaid overtime wages brought by Plaintiffs who were formerly employed by Crest as cementers. (Doc. 91 at ¶ 3). On September 12, 2016, the Court called this case for trial. (Doc. 100). Plaintiffs, through their attorney, announced ready for trial. Crest, through its attorney, announced ready for trial. The Court determined that it had jurisdiction over the subject matter and the parties to the proceeding. The Court then impaneled and swore in the jury, which heard the evidence and arguments of counsel. The Court submitted questions and instructions to the jury.

On September 14, 2016, the jury returned a unanimous verdict for Plaintiffs, which the Court received, filed, entered of record, and hereby incorporates by reference. (Doc. 106). Specifically, the jury found: (1) each Plaintiff worked more than 40 hours in any workweek but did not receive overtime compensation from Crest; (2) Crest did not prove that Plaintiffs were exempt from the FLSA's overtime-pay requirements under the Motor Carrier Act Exemption, the Executive Exemption, or the Highly-Compensated Employee Exemption; and (3) each Plaintiff worked an average of 40 unpaid overtime hours per workweek during the workweeks in which he was employed by Crest. (*Id*.).

On October 31, 2016, the Court held a hearing on Crest's good faith defense. (Doc. 114). On the same day, the Court entered its Findings of Fact and Conclusions of Law Regarding Crest's Good Faith Defense and Plaintiffs' Liquidated Damages. (Doc. 116). The Court found that "Crest has not carried its substantial burden to show it acted in good faith and with a *reasonable* belief that its actions were legal." (*Id*. at 7) (emphasis in original). Accordingly, the Court shall award liquidated damages to Plaintiffs. (*Id*. at 8).

On November 17, 2016, Plaintiffs filed their Motion for Entry of Judgment pursuant to Federal Rule of Civil Procedure 58 requesting back overtime wages, liquidated damages, legal fees and costs pursuant to the FLSA. (Doc. 119). On November 23, 2016, Crest filed its Response to the Motion for Entry of Judgment. (Doc. 122). On January 9, 2017, the Parties filed their Joint Stipulation as to Damage Award. (Doc. 129).

## II.    LEGAL STANDARD

A prevailing plaintiff under the FLSA is entitled to four basic components of damages: (1) back wages; (2) liquidated damages generally in an amount equal to back wages; (3) reasonable legal fees; and (4) costs. 29 U.S.C. § 216(b). In a misclassification case such as

this one, it is the role of the jury to determine if a non-exempt employee worked uncompensated overtime and the role of the Court to determine the regular rate of pay, the method of calculating damages, and the amount of unpaid overtime compensation owed. *Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013). Further, the Court determines whether an award of liquidated damages in an amount equal to unpaid overtime wages is warranted. 29 U.S.C. § 260; *Bernard v. IBP, Inc. of Neb.,* 154 F.3d 259, 267 (5th Cir. 1998). Finally, the Court must determine the amount of legal fees and costs that are owed by the employer to the prevailing plaintiffs. *Tyler v. Union Oil Co. of Cal.,* 304 F.3d 379, 404 (5th Cir. 2002).

### III. DISCUSSION

In this case, the jury found that each Plaintiff worked more than 40 hours in any workweek but did not receive overtime compensation from Crest. (Doc. 106). In addition, the jury found that Crest failed to prove that Plaintiffs were exempt from the FLSA's overtime pay provisions under the Executive Exemption, Highly-Compensated Employee Exemption, or the Motor Carrier Act Exemption. (*Id.*). Lastly, the jury determined that each Plaintiff worked an average of 40 unpaid overtime hours per workweek during the workweeks in which he was employed by Crest. (*Id.*).

The Parties have stipulated to the number of workweeks in which Plaintiffs were employed by Crest—16 weeks for Scot Carley and 33 weeks for Brandon Brown. (*Id.*). The Court previously determined that Crest did not act in good faith by failing to pay Plaintiffs overtime compensation and did not have a reasonable belief that its actions complied with federal law. (Doc. 116). Therefore, Plaintiffs are entitled to mandatory liquidated damages under the FLSA equal to the unpaid overtime. (*Id.*).

Pursuant to the Parties' Joint Stipulation as to Damage Award (Doc. 129), the Court finds that Plaintiffs are entitled to the following amounts of damages:

|  | **Overtime** | **Liquidated Damages** | **Total** |
|---|---|---|---|
| **Scot Carley** | $10,910.58 | $10,910.58 | $21,821.16 |
| **Brandon Brown** | $19,318.17 | $19,318.17 | $38,636.34 |

It is therefore **ORDERED, ADJUDGED, AND DECREED** that judgment is rendered for Plaintiffs and that Plaintiff Scot Carley have and recover the sum of actual damages in the amount of TEN THOUSAND NINE HUNDRED TEN DOLLARS AND FIFTY-EIGHT CENTS ($10,910.58) from Crest and that Plaintiff Brandon Brown have and recover the sum of actual damages in the amount of NINETEEN THOUSAND THREE HUNDRED EIGHTEEN DOLLARS AND SEVENTEEN CENTS ($19.318.17) from Crest.

It is further **ORDERED, ADJUDGED, AND DECREED** that Plaintiff Scot Carley have and recover liquidated damages, as authorized by 29 U.S.C. § 216(b), in the amount of TEN THOUSAND NINE HUNDRED TEN DOLLARS AND FIFTY-EIGHT CENTS ($10,910.58) from Crest and that Plaintiff Brandon Brown have and recover liquidated damages, as authorized by 29 U.S.C. § 216(b), in the amount of NINETEEN THOUSAND THREE HUNDRED EIGHTEEN DOLLARS AND SEVENTEEN CENTS ($19.318.17) from Crest.

It is further **ORDERED, ADJUDGED, AND DECREED** that post-judgment interest is payable on all the above amounts allowable by law, at the applicable federal rate permitted by 28 U.S.C. § 1961, from the date of this judgment until paid.

It is further **ORDERED, ADJUDGED, AND DECREED** that Plaintiffs are entitled to all writs and processes in order to collect this judgment.

It is finally **ORDERED** that the Parties file any supplemental briefing on Plaintiffs' attorney fees application within 14 days of the date this judgment is entered. Upon completion of the briefing period, the Court will consider Plaintiffs' attorney fee application and/or bill of costs. Any relief requested and not specifically granted herein is denied.

It is so **ORDERED**.

**SIGNED this 10th day of January, 2017.**

**DAVID COUNTS**
**U.S. MAGISTRATE JUDGE**